UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>SEABOURN CRUISE LINE LIMITED, and XYZ CORPORATION(S),<br><br>Defendants. | CASE NO. _____<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff, TIMOTHY EDWARDS, by and through his attorneys, Lipcon, Margulies, Alsina & Winkleman, P.A., and for good cause, alleges:

## I. JURISDICTION AND VENUE

1. This is a Complaint for damages in connection with 2nd and 3rd degree burn injuries suffered by Plaintiff, TIMOTHY EDWARDS, caused by the negligence of Defendant(s), SEABOURN CRUISE LINE LIMITED and/or XYZ CORPORATION(S).

2. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332, as the Parties are completely diverse and the matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because Defendant, SEABOURN CRUISE LINE LIMITED, unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers, including Plaintiff herein, to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4. Defendant, SEABOURN CRUISE LINE LIMITED, does business in the state of

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

1

Washington, and issued a cruise ticket for Plaintiff aboard the *Seabourn Odyssey,* the subject vessel, from Defendant's offices in Seattle, Washington, situated in the Western District of Washington. Venue lies in the Western District of Washington in Seattle pursuant to the terms of the cruise ticket contract.

## II.   JURY DEMAND

5. Plaintiff respectfully demands a jury trial pursuant to Fed. R. Civ. P. 38.

## III.   PARTIES

6. At all times material, Plaintiff was a citizen of the United States and a resident of Georgia.

7. At all times material, Plaintiff was a lawful, fare-paying passenger aboard Defendant, SEABOURN CRUISE LINE LIMITED's vessel, the *Seabourn Odyssey* (hereinafter the "subject vessel").

8. At all times material, Defendant, SEABOURN CRUISE LINE LIMITED, a business entity with its principal place of business in Seattle, Washington, owned, operated and/or controlled the subject vessel.

9. Defendant(s), XYZ CORPORATION(s), are named as a party/ies in this matter in an abundance of caution in the event that discovery reveals that another entity, whose name is not yet known to the Plaintiff, owned, managed, controlled and/or operated the subject vessel in connection with the cruise upon which Plaintiff became injured on or about March 6, 2020.[1]

## IV.   SUBJECT INCIDENT

10. Between February 28 and March 7, 2020, Plaintiff participated in a cruise aboard the

---

[1] Defendant, SEABOURN CRUISE LINE LIMITED, has agreed in writing with Plaintiff's counsel to extend the time period for which Plaintiff may bring this action, until September 6, 2021. Accordingly, this action is timely filed.

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

2

*Seabourn Odyssey*. On March 6, 2020, and as part of the subject cruise, Defendants took Plaintiff to Carambola Beach, South Friars Bay, St. Kitts. At that port stop, Defendants provided all ship passengers with a buffet-style lunch at its private facility for Seabourn's signature "Caviar in the Surf & Beach BBQ" event.





Pictures 1 & 2: Seabourn promotional material found online with regard to Seabourn's signature "Caviar in the Surf & Beach BBQ" event.

11. Defendants' lunch was dangerous and disorganized for three primary reasons, and those three reasons caused Plaintiff to sustain serious burn injuries.

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

3

12. First, Defendants served its passengers lunch heated by a live sterno flame. More specifically, the buffet-style lunch was served at several different stations, consisting of different types of lunch food, many of the dishes served from formal containers heated by a live sterno flame.

13. Second, the formal containers Defendants used to serve passengers food were not safe for use in conjunction with a live flame. More specifically, the formal containers Defendants used to serve passengers, or have passengers serve themselves, did not safely stop or lock in place once the container was opened to a certain degree; in other words, once a passenger opened the food container, the top cover would roll all the way back underneath the dish, thereby coming into contact with the live sterno flame underneath the container.

14. Third, Defendants failed to station its crewmembers at all of the lunch stations so that crewmembers could safely serve passengers food. More specifically, the lunch was buffet-style, and consisted of approximately ten to fifteen lunch stations; however, Defendants stationed its crewmembers at some, but not all of the lunch stations. Defendants did not station a crewmember at the lunch station at which Plaintiff became injured.

15. Around noon on March 6, 2020, Plaintiff participated in Defendants' signature lunch at Carambola Beach, South Friars Bay, St. Kitts. When Plaintiff attempted to serve himself from one of the formal food containers, the top cover rolled all the way back, scooped the live sterno flame underneath it, and launched scorching hot sterno gel onto Plaintiff's lower body, as well as another passenger's upper back.[2]

16. Immediately after this ordeal which injured both Plaintiff and another passenger,

---

[2] This other passenger also suffered burn injuries as a result of this ordeal.

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

4

Defendants' crewmembers failed to promptly or responsibly respond to the emergency. For example, some stood around in shock, and some invited Plaintiff to try homeopathic remedies, such as applying table mustard to his burn injuries.

17. Approximately fifteen (15) minutes later, the ship's doctor was summoned to the incident location. Once the ship's doctor arrived, he directed Plaintiff and the other injured passenger to stand under a cold shower; the cold shower water was supposed to decrease the swelling at the injury site, but instead, it increased the pain Plaintiff experienced at the site of his burn wounds.

18. Once Plaintiff returned to the ship's medical facility, the ship's doctor expressly apologized to Plaintiff for the "ineptness of the crew in responding" to his incident, and further stated that he "would advise senior ship staff that the crew needed additional training".

19. Further, the ship's doctor specifically told Plaintiff that: i) the crew should not have suggested Plaintiff try "home remedies"; ii) they "should have known" where the showers were in Seabourn's private facility; iii) they should have summoned the ship's doctor "sooner than they did"; iv) Seabourn has procedures in place to immediately address a passenger who becomes injured; v) the crewmembers "did not follow" those procedures; and vi) the ship's doctor was "upset" with how the crewmembers handled Plaintiff's incident.[3]

20. As a result of Defendants' negligence, Plaintiff suffered significant 2nd and 3rd degree burn wounds to his lower body and has received medical treatment for over a year, which continues to this day:

---

[3] The ship's doctor was Defendants' employee and/or acting in the course and scope of his agency; as such, his statements are admissible in a court of law as it they are, by definition, not hearsay (FRE 801; admission of a party opponent) and/or hearsay exceptions apply (*i.e.* FRE 803(1); present sense impression).

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

5



### V. DEFENDANTS' NOTICE OF DANGEROUS CONDITIONS WHICH CAUSED PLAINTFF'S INJURIES

21. There was no safety mechanism for the container which caused Plaintiff's injuries, and Defendants did or should have observed this dangerous condition at the time they set up the lunch for Plaintiff's and other passengers' use in connection with the live sterno flame.

22. In the alternative, if there was a safety mechanism for the subject food container, it was in disrepair at the time of the incident, and Defendants knew and/or should have known of this

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 • MIAMI, FLORIDA 33131 • (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 • SPOKANE, WASHINGTON 99201

dangerous condition at the time they set up the lunch for Plaintiff's and other passengers' use.

23. Further, Defendants knew the subject lunch was dangerous because they stationed crewmembers at some of the serving stations so that crewmembers could serve the passengers lunch and avoid injuries to passengers, like Plaintiff.

## VI.   FIRST CAUSE OF ACTION

### Negligent Failure to Warn Against All Defendants

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-three (23) above as though originally alleged herein, and further alleges:

24. At all times material hereto, it was the duty of Defendants to provide Plaintiff with reasonable care under the circumstances.

25. At all times material hereto, it was the duty of Defendants to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendants in places where passengers (like the Plaintiff) were invited or may reasonably be expected to be. This duty to warn extends to attractions in ports of call which from part of the cruise. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333 (11th Cir. 2012).

26. On or about March 6, 2020, Defendants took Plaintiff to Carambola Beach, South Friars Bay, St. Kitts for Defendants' signature lunch event, which was a place that Plaintiff was invited to by Defendants and/or a place Defendants reasonably expected Plaintiff to be during the subject cruise.

27. On or about March 6, 2020, Defendants and/or their agents, servants and/or employees breached their duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to reasonably and/or sufficiently warn Plaintiff that the subject food container did not have a safety mechanism to prevent the top container from rolling back into the live sterno flame;

---

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

7

b. Failure to reasonably and/or sufficiently warn Plaintiff that, if there was a safety mechanism for the subject food container, it was in disrepair;

c. Failure to reasonably and/or sufficiently warn and/or instruct Plaintiff as to how to safely operate the subject food container;

d. Failure to reasonably and/or sufficiently warn Plaintiff that the subject food container was heated by a live and dangerous sterno flame;

e. Failure to reasonably and/or sufficiently warn Plaintiff that Defendants did not station a safe number of crewmembers in the lunch area to safely serve Plaintiff lunch; and/or

f. Failure to reasonably and/or sufficiently warn Plaintiff that a crewmember(s) would need to serve him food in connection with the dangerous sterno flame and/or dangerous food container and/or food container in disrepair.

28. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

29. At all times material hereto, Defendants knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

### VII.   SECOND CAUSE OF ACTION

**Negligent Maintenance Against All Defendants**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-three (23) above as though originally alleged herein, and further alleges:

30. At all times material hereto, it was the duty of Defendants to provide Plaintiff with reasonable care under the circumstances.

31. On or about March 6, 2020, Defendants and/or their agents, servants and/or employees

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

8

breached their duty through the following acts and/or omissions:

    a. Failure to reasonably and/or regularly maintain the subject food container and/or, if there was a safety mechanism thereto, failure to maintain same which was defective at the time of Plaintiff's incident;

    b. Failure to reasonably and/or regularly inspect the subject food container and/or its defective safety mechanism, to determine if same and/or its appurtenances were in need of maintenance and/or repair;

    c. Other negligent acts and/or omissions that may be revealed in discovery.

32. All or some of the above acts and/or omissions by Defendants and/or its agents, servants, and/or employees, caused and/or contributed to the Plaintiff being severely injured as described above.

33. At all times material hereto, Defendants knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

## VIII.   THIRD CAUSE OF ACTION

### General Negligence Against All Defendants

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-three (23) above as though originally alleged herein, and further alleges:

34. At all times material, Plaintiff was a paying passenger aboard the M/S VOLENDAM.

35. At all times material it was the duty of Defendants to provide Plaintiff with reasonable care under the circumstances.

36. On or about March 6, 2020, Defendants and/or their agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances and Plaintiff was thereby injured due to the fault and/or negligence of Defendants, and/or its agents,

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

9

servants, and/or employees, as follows:

    a. Failure to provide the Plaintiff and other passengers a reasonably safe lunch that would not cause them burn injuries;

    b. Failure to station a safe and/or appropriate number of crewmembers in the lunch area so that passengers, including Plaintiff, were safely served lunch;

    c. Allowing passengers to serve themselves lunch from dangerous food containers which were dangerously heated by a live sterno flame and/or were contained in food containers which did not have adequate and/or working safety mechanisms;

    d. The failure of Defendants' crewmembers in carelessly and/or irresponsibly responding to Plaintiff's injury-producing incident; which careless response aggravated Plaintiff's injuries;

    e. Failure to promulgate and/or enforce adequate policies and procedures Defendants' "signature" lunch;

    f. Failure to analyze prior incidents involving prior, similar, personal injuries in connection with defendants' other cruises and/or "signature" lunches so as to remedy and/or rectify the issues causing such incidents; and/or

    g. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

37. All or some of the above acts and/or omissions by Defendant and/or its agents, servants, and/or employees, caused and/or contributed to the Plaintiff being severely injured as described above.

38. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

### IX. INJURIES

39. As a direct and proximate result of Defendants' negligence, Plaintiff suffered immense pain, suffering and mental anguish in connection with his 2nd and 3rd degree burn injuries.

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

10

Plaintiff did thereby sustain extensive and permanent damages, which shall be established with medical and expert evidence at the time of trial.

### X.   DAMAGES

40. As a direct and proximate result of Defendants' negligence, Plaintiff sustained conscious physical and mental pain and anguish in connection with his 2nd and 3rd degree burn injuries, disability and loss of enjoyment of life. Plaintiff hereby makes claim for pain, suffering, anguish, disability, physical impairment, loss of enjoyment of life, medical expenses, related economic expenses, lost wages past, present, and future, and lost earning capacity.

41. As a direct and proximate result of Defendants' negligence, Plaintiff also lost the benefit of his vacation, cruise and transportation costs and hereby makes a claim for same.

WHEREFORE, Plaintiff prays for damages to be awarded against Defendants in an amount to be determined by the presentation of evidence at the time of trial to a jury, together with prejudgment interest, taxable costs, and such other and further relief as the Court deems just and proper.

DATED March 9, 2021.

**LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.**
*Attorneys for Plaintiff*
SEATTLE OFFICE:
5608 17th Ave. NW, Suite 967
Seattle, WA 98107

MIAMI OFFICE:
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, FL 33131
305.373.3016 (T)
305.373.6204 (F)

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

By: */s/ Jason R. Margulies*
**JASON R. MARGULIES**
WSBA #54741
jmargulies@lipcon.com
crewlawyer@aol.com

**LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.**
2 S. BISCAYNE BOULEVARD, SUITE 1776 ▪ MIAMI, FLORIDA 33131 ▪ (305) 373-3016

WASHINGTON STATE R.A.: REGISTERED AGENTS, INC.
170 S. LINCOLN STREET, SUITE 150 ▪ SPOKANE, WASHINGTON 99201

12